CANADY, J.,
concurring in part and dissenting in part.
I agree with the majority in approving the Fifth District’s rejection of Perry’s argument that the Supreme Court’s decision in Hurst v. Florida, “leave[s] Florida without a death penalty.” I therefore concur with the majority in answering the first certified question in the negative.
But I dissent from the negative answer to the second certified question. Although I agree with the majority that the Fifth District correctly rejected Perry’s argument that application of Florida’s new death penalty statute to his case would be an ex post facto violation, I strongly disagree with the majority’s conclusion that the new statute is unconstitutional under Hurst v. Florida. As I explained in my dissent in Hurst, 202 So.3d at 77 (Canady, J., dissenting), the Supreme Court “repeatedly] identified]” “Florida’s failure to require a jury finding of an aggravator as the flaw that renders Florida’s death penalty law unconstitutional.” See, e.g., Hurst v. Florida, 136 S.Ct. at 624 (“Florida’s sentencing scheme, which required the judge alone to find the existence of an aggravating circumstance, is therefore unconstitutional.”). The new statute has remedied that flaw. See § 921.141(2)(a)-(b), Fla. Stat. (2016).
The Legislature’s work in enacting the new statute reflects careful attention to the holding of Hurst v. Florida, which does not require jury sentencing. In rejecting the new statute, the majority has “fundamentally misapprehend[ed] and misuse[d] Hurst v. Florida,” Hurst, 202 So.3d at 77 (Canady, J., dissenting).
POLSTON, J., concurs.